IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

JOSE FAVIO MOLINA JEREZ,      )
                              )
            Petitioner,       )         8:08CV522
                              )
      v.                      )
                              )
JEFFREY LYNCH, Director of    )    MEMORANDUM AND ORDER
Immigration and Customs       )
Enforcement, Omaha Office;    )
MICHAEL B. MUKASEY, Attorney  )
General; and MICHAEL CHERTOFF,)
Secretary of Department of    )
Homeland Security,            )
                              )
            Respondents.      )
_____)

        This matter is before the Court on its order to show
cause (Filing No. 32).  Counsel for the parties appeared before
the Court on February 18, 2009 and presented argument regarding
the Court's jurisdiction to hear this petition.  Because the
Court concludes that its jurisdiction may depend upon the outcome
of proceedings before the United States Court of Appeals for the
Eighth Circuit, this matter will be stayed pending decision of
that court.

                        **BACKGROUND**

        Jose Favio Molina Jerez ("Jerez") first entered the
United States at Nogales, Arizona, on or about March 15, 1985, on
foot and without inspection (Filing No. 29, at 2).  On or about
October 13, 1987, Jerez attempted to enter at Nogales again, but
was apprehended by federal agents.  (*Id.*)  On May 2, 1989, an
Immigration Judge ordered Jerez to voluntarily depart the United

States by September 2, 1989, in lieu of an order of deportation (*Id.* at 3 (citing AR at 145)).  On the date the petition for writ of habeas corpus was filed in this matter, the parties disagreed regarding whether Jerez ever voluntarily departed.  However, after examination of Jerez's Guatemalan cédula de vecindad, or government identification card, the government conceded that Jerez traveled to Guatemala in 1991 (Filing No. 25, at 4).

Jerez claims that he reentered the United States without inspection at Tijuana, California, in March of 1991, filed for asylum in January, 1992, and between that time and December 13, 2005, when he failed to appear for an interview with the United States Citizenship and Immigration Services, had been lawfully living and working in this country as a person with a pending asylum application (Filing No. 29, at 3-4).  After the missed interview, the government considered Jerez's asylum application abandoned and later determined that he was not eligible for relief pursuant to the settlement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) (Filing No. 25, at 7-8).

Jerez reported to the United States Immigration and Customs Enforcement ("ICE") Detention and Removal Office and was taken into custody on or about August 7, 2008 (*Id.* at 9).  On November 6, 2008, USCIS issued a final decision denying Jerez's asylum claim and request for withholding of removal (*Id.* at 10).

On December 3, 2008, Jerez filed a last application for stay of
deportation or removal, which was denied the same day (*Id.* at 10-
11).  On December 4, 2008, Jerez filed in this Court a petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and an
emergency motion for stay of deportation (Filing Nos. 1, 2).
That same day, at this Court's direction, Magistrate Judge
Thalken provisionally granted the motion to stay deportation
(Filing No. 3).  Judge Thalken's order stated that "[a]ny
proceeding or action to remove Jose Favio Molina Jerez from the
United States of America to Guatemala is hereby stayed until
further order of the court."  (*Id.*)  The government, being in
route to Guatemala with Jerez and unable to return him to the
United States that day, did in good faith return him on December
12, 2008 (Filing No. 25, at 11).  Jerez has been continually in
custody since that time.

        On December 18, 2008, Jerez provided ICE with the
cedula he stated he obtained in 1991 (*Id.* at 12).  The next day,
ICE sent the cedula to its forensic document laboratory for
authentication.  (*Id.*)  This Court entered its first order to
show cause (Filing No. 13) on December 22, 2008, which stated in
part that "Magistrate Judge Thalken has ordered that any
proceeding or action to remove Jerez from the United States of
America to Guatemala is stayed pending further order of the court
. . ." and gave the government until January 14, 2009 to show

-3-

cause why the petition should not be granted.  On or about January 6, 2009, ICE received a report from its forensic document laboratory finding that it was unable to show that the cedula was invalid (Filing No. 12, at 12).  Then on January 8, 2009, ICE reinstated deportation proceedings against Jerez (*Id.* (citing AR 412-13)).  On January 14, 2009, the Court received the government's response and opposition to the petition for writ of habeas corpus (Filing No. 25), which relied substantially on the reinstatement order in its arguments that this Court lacks jurisdiction.  On February 6, 2009, Jerez filed a petition for review of the reinstatement order with the United States Court of Appeals for the Eighth Circuit (Case No. 09-1283).  On February 10, 2009, the Court ordered the government to show cause why the reinstatement order should not be quashed as a sanction for violation of its earlier orders (Filing No. 32), and heard argument on February 18, 2009.

## DISCUSSION

At the time Jerez filed his habeas petition, the government was seeking to remove him from the United States based upon the 1989 order of the Immigration Court which he claimed had been previously executed because he had voluntarily removed himself from the country in 1991.  This was the state of the case at the time the petition was filed, and the Court considers it uncontroversial that, at that time, it had jurisdiction to

-4-

review, not whether the 1989 removal order against Jerez was valid, but rather whether it had been executed, and therefore whether the government was seeking to remove Jerez in the absence of a removal order. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366 (11th Cir. 2006); *accord Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 172 (3d Cir. 2006).

Courts have jurisdiction to determine whether they have jurisdiction. *See Stoll v. Gottlieb*, 305 U.S. 165, 171 (1938) ("There must be admitted . . . a power to interpret the language of the jurisdictional instrument and its application to an issue before the court."). This is true regardless of how the Court ultimately determines the jurisdictional questions. This Court necessarily has the authority to issue orders designed to preserve the status quo while it makes that determination. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947); *see generally* 13D Fed. Prac. & Proc. Juris.3d § 3537. Here, the Court ordered that no proceeding or action be taken to remove Jerez from the United States pending further order of the Court. The government then served Jerez with a reinstatement of removal. The Court finds that the government served the reinstatement in good faith and did not intentionally violate this Court's order. However, it remains that the existence of the reinstatement order materially alters Jerez's position with respect to his habeas petition. If the reinstatement order

-5-

stands, then Jerez's habeas petition should be denied.[1]   However,
if it is set aside, then his petition should be granted.

Complicating matters is the fact that Jerez has
appealed the validity of the reinstatement order to the United
States Court of Appeals for the Eighth Circuit.   There is no
doubt that the Court of Appeals is the proper forum for review of
the validity of the reinstatement order.   *See* 8 U.S.C.
§ 1252(b)(2).   At the hearing in this matter, Jerez's counsel
indicated that the arguments before this Court would be largely
the same as those he would make before the Court of Appeals.   It
is therefore unnecessary for this Court to decide whether setting
aside the reinstatement order as a sanction is "review of [an]
order[] of removal" within the meaning of 8 U.S.C. § 1252(b),
because the Court of Appeals will likely consider whether the
order should be set aside on that basis.   The most appropriate
course for this Court, therefore, is to stay these proceedings
pending the outcome of Jerez's appeal.

Remaining is the issue of Jerez's detention pending
proceedings before the Court of Appeals.   The Court notes that
Jerez has been in custody for a period in excess of 180 days.
Moreover, the Court finds that Jerez is presently a non-violent

---

[1]Although it is convinced that the government acted in good
faith here, the Court is troubled by the possibility that it
could lose jurisdiction in any case as the result of acts by a
party in violation of the Court's orders.

-6-

person; that he is likely to remain nonviolent if he is released; that he is unlikely to pose a threat to the community following release; that he is unlikely to violate the conditions of release; that he does not pose a significant flight risk if released; and that his immediate removal from the United States would not be in the public interest. However, inasmuch as the outcome of this case likely rests with the Court of Appeals, this Court defers the question of detention to that court's sound judgment.

**CONCLUSION**

For the foregoing reasons, the Court finds that this action should be stayed and recommends that Jerez be released pending resolution of his appeal. Accordingly,

IT IS ORDERED that this case is stayed pending the decision of the United States Court of Appeals for the Eighth Circuit on the petitioner's appeal challenging the validity of his reinstatement order; all prior orders of this Court shall remain in effect.

IT IS RECOMMENDED that the petitioner be released pending resolution of his appeal.

DATED this 24th day of February, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-7-